UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLES JACKSON | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:07-CV-185 |
| | ) | (NO. 2:02-CR-72) |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OPINION**

Petitioner Charles Jackson brings this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner was convicted in 2004, by jury verdict, of conspiracy to distribute and possess with the intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). The Court later imposed a 247-month Guidelines sentence, but after adjusting it to reflect the 64-month sentence petitioner had served for a state drug conviction in Virginia, his effective total sentence was 198 months. (The alteration was made because the conduct underlying the state conviction was also a part of the conspiracy and had been deemed "relevant conduct" and used in calculating his Guidelines sentence.)

Petitioner filed a direct appeal in the United States Court of Appeals for the Sixth Circuit and, when the appeal was rejected, he unsuccessfully petitioned the Supreme Court for review. *United States v. Jackson*, 473 F. 3d 660 (6th Cir.), *cert. denied*, 127 S. Ct. 2294 (2007). He now brings this instant motion, alleging, as his two grounds for relief, that the Court lacked jurisdiction to try him and that the government knowingly used false evidence

to procure his conviction. However, the United States will not be required to file an answer to the motion and, for the reasons below, the case will be dismissed.

## I. **Standards of Review**

Under Rule 4 of the Rules Governing Section 2255 Proceedings, a court must consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, a court may summarily dismiss a § 2255 motion under Rule 4.

## II. **Factual Background**

The following account is taken from the Sixth Circuit's opinion on direct appeal.

> This case arises from the government's investigation of an interstate drug-distribution organization headed by Vernon McCallum ("McCallum"). McCallum purchased powder cocaine in New York, converted it to crack, and then shipped it to eastern Tennessee hidden inside of the vaginas of female employees, known as "mules." McCallum or one of his other employees met the mules in Tennessee, took delivery of the crack, and distributed it to street-level dealers. According to the government, Jackson was one of those dealers from June 1999 until January 2000.
> On July 23, 2002, a grand jury handed down a twenty-four-count sealed indictment against Jackson and his alleged co-conspirators. Jackson was indicted on two counts of conspiracy to distribute and possess with the intent to distribute crack cocaine, in quantities of fifty grams or more (Count 1) and five grams or more (Count 2).
> . . .
> On November 19, 2004, after a three-day trial, a jury convicted Jackson of conspiring to distribute and possess five or more grams of crack (Count 2) but acquitted him of conspiring to distribute and possess more than fifty grams (Count 1).

*Jackson*, 473 F. 3d at 662-63.

III. **Discussion**

A. **Claim One**

In his first claim, petitioner argues that this Court had no jurisdiction over his case because the evidence at trial indicated that he possessed and sold cocaine base in Bristol, Virginia, which lies within the Western District of Virginia. Petitioner did not present this claim on direct appeal, though, unquestionably, he had the opportunity so to do.

A claim that could have been but was not raised on direct appeal may not be reviewed in a § 2255 motion, absent a showing of cause and actual prejudice to excuse a failure to raise the claim previously. *Bousley v. United States,* 523 U.S. 614, 619 (1998); *United States v. Frady,* 456 U.S. 152, 166 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

Petitioner indicates, in his motion, that he did not raise his claim because the legal information upon which it rests was unavailable at the time of his appeal. If this reason is being offered as cause, it is rejected because the record shows otherwise.

In a motion made at the close of the prosecution's case, petitioner's attorney raised "the issue of venue" and argued, as phrased by this Court, that the case should be tried in the Western District of Virginia, rather than in the Eastern District of Tennessee. [Doc. 317, T. of Motion at Close of Govt. Proof at 3, 5-6]. Thus, the transcript of the motion hearing shows that the legal basis for this claim was not only available, but was expressly argued at the trial.

In any event, petitioner cannot show actual prejudice from having been tried and sentenced in this district because his claim is meritless on its face. This Court, as does every other federal district court, has *jurisdiction* over criminal offenses against the United States. 18 U.S.C. § 3231. *Venue*, however, is another story since a defendant has a constitutional right to be tried in "the State or district wherein the crime shall have been committed" or "at such Place or Places as the Congress may by Law have directed." U.S. Const. amend. VI and Article III, § 2, cl. 3; *see also United States v. O'Donnell,* 510 F.2d 1190, 1192 (6th Cir. 1975). Rule 18 of the Federal Rules of Criminal Procedure which provides that "prosecution shall be had in a district where the offense was committed" echoes the constitutional requirement. Petitioner's true claim is that venue lay in the Western District of Virginia and not in this district and this Court.

In order to determine venue in a federal criminal case, a court must examine "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946). When the offense is a so called "continuing" crime, venue lies in any district in which the crime is committed. *Id.* at 704-05. Conspiracy is just such a crime. *See United States v. Robertson,* 67 Fed.Appx. 257, 269 (6th Cir. May 9, 2003) ("conspiracy is a continuing crime") (*citing United States v. Edgecomb,* 910 F.2d 1309, 1312 (6th Cir.1990); *United States v. Williams,* 274 F.3d 1079, 1083-84 (6th Cir. 2001)(conspiracy is a continuing crime, and "venue is proper in any district along the way") (*citing United States v. Turner,* 936 F.2d 221, 226 (6th Cir.1991)).

This means that the actions taken by petitioner and his co-conspirators in Western Virginia or East Tennessee during the course and in furtherance of the charged conspiracy could be tried in either district. Evidence that part of the cocaine-dealing occurred in East Tennessee and that part occurred in Bristol Virginia, where petitioner distributed cocaine, was offered at trial through the testimony of several prosecution witnesses [Doc. 209 , Tr. T. at 4 -6, 64-69, 91, 93-94, 109-17]; the jury was told that it could only find petitioner guilty on the conspiracy charge if the government proved that the agreement or one of the overt acts took place in Tennessee [Doc. 318, Charge of the Court, at 11-12]; and, after hearing this evidence and these instructions, the jury convicted petitioner for the cocaine conspiracy. Thus, as the Court ruled at trial and as the jury implicitly found , venue properly lay in the Eastern District of Tennessee.

Because no cause and, certainly, no prejudice has been shown for failing to raise this claim on appeal and because, in the alternative, the issue is groundless, petitioner is not entitled to relief with respect to claim one.

B. **Claim Two**

His second claim is that the Government called certain witnesses which it knew would testify falsely that petitioner was involved in the conspiracy. Petitioner purports that the false testimony was motivated by the witnesses' desire to obtain favorable treatment with respect to their own pending federal cases. Once again, petitioner could have but did not assert this claim on appeal and, thereby, has waived this issue.

5

Petitioner offers nothing in his motion to demonstrate reasonable cause for his failure to present this constitutional violation on appeal—indeed he indicates that an explanation as to his failure so to do simply is inapplicable. Absent a showing of cause and prejudice flowing therefrom, or actual innocence of the subject offense, petitioner's second claim will not be reviewed either. *Bousley,* 523 U.S. at 619; *Elzy*, 205 F.3d at 884.

## IV. **Conclusion**

Because petitioner has waived the claims raised in this § 2255 motion and because he has failed to show cause and prejudice, the Court will **DISMISS** this case *sua sponte*.

A separate order will enter.

ENTER:

       s/ Leon Jordan
United States District Judge